**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 07-812 T
(Judge Mary Ellen Coster Williams)

ENERGY EAST CORPORATION
(Successor in Interest to Central Maine Power Company)
(and Rochester Gas and Electric Corporation)

Plaintiff,

v.

THE UNITED STATES

Defendant.

**ANSWER**

Defendant, the United States, through its attorneys hereby answers the complaint of plaintiff, Energy East Corporation ("Energy East"). Defendant respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant admits that Energy East's employer identification number ("EIN") is 14-1798693, admits that Central Maine Power Company's ("CMP") EIN is 01-0042740, and admits that Rochester Gas and Electric Corporation's ("RG&E") EIN is 16-0612110. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the relationships that are alleged to exist between the above entities.

Defendant further responds to each separate paragraph of the complaint as follows:

1. States that Internal Revenue Code[1] §§ 6601, 6611 and 6621 speak for themselves, and avers that paragraph 1 of the Complaint is a generalized description of the nature of plaintiff's claim to which no response is required.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the alleged relationship between plaintiff and CMP, and its alleged acquisition.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the alleged relationship between plaintiff and RG&E, and its alleged acquisition.

4. Defendant admits that jurisdiction, if it exists, is by virtue of 28 U.S.C. § 1491.

5. Avers that plaintiff maintains an address at 52 Farm View Drive, New Gloucester, Maine 04260. Defendant lacks knowledge or information sufficient to form a belief as to whether this address is plaintiff's principal place of business, and lacks knowledge or information sufficient to form a belief as to the state in which, and under whose laws, plaintiff has allegedly organized and incorporated.

6. Admits that defendant is the United States of America.

7. Admits that plaintiff filed a federal corporate income tax return (Form 1120) for the 1999 tax year on or about September 15, 2000. Admits that the address on the return was P.O. Box 3287, Ithaca, New York 14852-3287, and that the return listed plaintiff's EIN as 14-1798693. Avers that the signature on plaintiff's 1999 tax return appears to be that of Robert Kemp, but that the return was not designated "c/o" any

[1] Unless otherwise stated, all references to "section" or "§" are to the Internal Revenue Code of 1986, as amended (26 U.S.C.).

named person. Admits that plaintiff filed its 1999 tax return with the IRS service center located in Andover, Massachusetts.

8. Admits that CMP filed a federal corporate income tax return (Form 1120) for the 1995 tax year on or about September 16, 1996. Admits that the address on the return was 83 Edison Drive, Augusta, Maine 04336, and that the return listed CMP's EIN as 01-0042740. Admits that CMP filed its 1995 return with the IRS service center located in Andover, Massachusetts.

9. Admits that CMP filed a federal corporate income tax return (Form 1120) for the 1996 tax year on or about September 12, 1997. Defendant lacks knowledge or information sufficient to form a belief as to the address and that was reported on CMP's 1996 tax return. Admits that the EIN reported on CMP's 1996 tax return was 01-0042740, and admits that CMP filed its 1996 return with the IRS service center in Andover, Massachusetts.

10. Admits that CMP filed a federal corporate income tax return (Form 1120) for the 1997 tax year on or about September 15, 1998. Defendant lacks knowledge or information sufficient to form a belief as to the address and that was reported on CMP's 1997 tax return. Admits that the EIN reported on CMP's 1997 tax return was 01-0042740, and admits that CMP filed its 1997 return with the IRS service center in Andover, Massachusetts.

11. Admits that RG&E filed a federal corporate income tax return (Form 1120) for the 1996 tax year on or about September 18, 1997. Admits that the address on the return was 89 East Avenue, Rochester, New York 14649, and that the

return listed RG&E's EIN as 16-0612110. Admits that RG&E filed its 1996 return with the IRS service center located in Andover, Massachusetts.

12. Admits that RG&E filed a federal corporate income tax return (Form 1120) for the 1997 tax year on or about September 18, 1998. Admits that the address on the return was 89 East Avenue, Rochester, New York 14649, and that the return listed RG&E's EIN as 16-0612110. Admits that RG&E filed its 1997 return with the IRS service center located in Andover, Massachusetts.

13. Admits that on September 23, 2002, plaintiff was assessed a deficiency for the 1999 tax year in the amount of $2,079,827.00.

14. Avers that with respect to the assessment referred to in paragraph 13, deficiency interest was assessed on the following dates and in the following amounts:

| Tax Year | Determination Date | Amount of Interest |
|---|---|---|
| 1999 | September 23, 2002 | $ 274,696.65 |
| 1999 | September 19, 2005 | $ 16,806.87 |

15. Admits that with respect to the 1995, 1996 and 1997 tax years of CMP, abatements of tax were determined in favor of CMP's Form 1120 tax accounts on the following dates and in the following amounts:

| Tax Year | Determination Date | Amount of Overpayment |
|---|---|---|
| 1995 | December 24, 2001 | $ 6,203,755.00 |
| 1996 | December 24, 2001 | $ 259,429.00 |
| 1997 | December 24, 2001 | $ 364,698.00 |

16. Avers that with respect to the overpayments in tax for the 1995, 1996 and 1997 tax years of CMP referred to in paragraph 15, overpayment interest was allowed on the following dates and in the following amounts:

| Tax Year | Determination Date | Amount of Interest |
|---|---|---|
| 1995 | November 21, 2001 | $ 2,392,328.77 |
| 1996 | November 20, 2001 | $ 81,028.37 |
| 1997 | November 20, 2001 | $ 83,790.15 |

17. Admits that with respect to the 1996 and 1997 tax years of RG&E, abatements of tax were determined in favor of RG&E's Form 1120 tax accounts on the following dates and in the following amounts:

| Tax Year | Determination Date | Amount of Overpayment |
|---|---|---|
| 1996 | July 22, 2002 | $ 284,699.00 |
| 1997 | July 22, 2002 | $ 1,988,093.00 |

18. Admits that with respect to the overpayments in tax for the 1996 and 1997 tax years of RG&E referred to in paragraph 17, overpayment interest was allowed on the following dates and in the following amounts:

| Tax Year | Determination Date | Amount of Interest |
|---|---|---|
| 1996 | July 22, 2002 | $ 97,817.72 |
| 1997 | July 22, 2002 | $ 514,986.01 |

19. Admits that the deficiency interest amounts referenced in paragraph 14 above, were calculated using various start dates and ending dates.

20. Admits that the overpayment interest amounts referenced in paragraph 16 above, were calculated using various start dates and ending dates. Defendant lacks knowledge or information sufficient to form a belief as to the truth and timing of the alleged relationship between plaintiff and CMP.

21. Admits that the overpayment interest amounts referenced in paragraph 18 above, were calculated using various start dates and ending dates. Defendant lacks knowledge or information sufficient to form a belief as to the truth and timing of the alleged relationship between plaintiff and RG&E.

22. Defendant lacks knowledge or information sufficient to form a belief as to the date on which Energy East Management Corporation (EIN: 16-1558410) was created, and the nature of its relationship to plaintiff.

23. Defendant lacks knowledge or information sufficient to form a belief as to the date on which New York State Electric & Gas Corporation ("NYSE&G") (EIN: 15-0398550) was acquired, the manner through which it was acquired, and the nature of its relationship to plaintiff.

24. States that paragraphs 19, 20 and 21 of the Complaint are plaintiff's general description of the manner in which deficiency and overpayment interest was calculated with respect to the deficiency and overpayments referred to in paragraphs 19, 20 and 21. Defendant's responses in paragraphs 14, 16 and 18 above, answer the allegations of paragraph 24 of the Complaint with respect to interest owed by, or allowed to plaintiff, CMP and RG&E. Defendant lacks knowledge or information sufficient to form a belief as to the existence of any deficiency or overpayment interest allegedly owed to Energy East Management Corporation, CMP Group, and/or NYSE&G.

25. States that to the extent that the allegations contained in paragraph 25 constitute legal conclusions or argument, they require no response.

26. Admits that on or about July 5, 2006, plaintiff filed a claim with the Internal Revenue Service for interest under § 6621(d), including a claim for reduction of deficiency interest regarding its 1999 federal income tax account in the amount of $84,337.71. Admits that as of the date plaintiff's Compliant was filed, the Internal Revenue Service had not taken action with respect to plaintiff's claim.

27. States that to the extent that the allegations contained in paragraph 27 constitute legal conclusions or argument, they require no response.

Respectfully submitted,

March 24, 2008

s/ Jeffrey R. Malo

JEFFREY R. MALO
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 305-7539*
*Fax: (202) 514-9440*
*Email: jeffrey.r.malo@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
DAVID D. GUSTAFSON
*Chief, Court of Federal Claims Section*
W. C. RAPP
*Senior Trial Attorney,*
*Court of Federal Claims Section*

March 24, 2008

s/ W.C. Rapp

Of Counsel